IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                          **CRIMINAL NO.: 3:23-cr-00123-CWR-ASH**

**JUSTIN BRYCE BROWN**                                                          **DEFENDANT**

**MOTION TO DISMISS THE INDICTMENT ON SECOND AMENDMENT GROUNDS**

COMES NOW the Defendant, Justin Bryce Brown, by and through his attorney, Joe M. Hollomon, and respectfully moves this Honorable Court to dismiss this indictment because the pending charge violates his rights under the Second Amendment to the United States Constitution, and in support thereof, would show unto the Court as follows:

**BACKGROUND**

The Defendant was indicted by a grand jury in the United States District Court for the Southern District of Mississippi on December 13, 2023, charging him with knowingly possessing a machine gun in violation of Title 18, U.S.C. §§922(o) and 924(a)(2).  The indictment does not allege that the firearm was possessed in or effecting commerce nor that it was transferred.  It should also be pointed out that Mr. Brown is not a convicted felon.  The Defendant asserts that this motion is proper under Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure.  One basis for such a motion is that the charge of the statute is unconstitutional.  A defendant "may challenge the constitutionality of a statute by asserting a facial challenge; an as–applied challenge, or both." *United States v. Supreme Court of New Mexico*, 839 F.3d 888, 907 (10th Cir. 2016); *Justice v. Hosemann,* 771 F.3d 285 (5th Cir. 2024). While the Defendant here makes an as–applied challenge to the statute, the same substantive constitutional analysis applies to both challenges.  *Citizens United v. Federal Election Commission,* 558 U.S. 310, 331(2010); *Bucklew v. Brecythe*, 139 S.Ct.

1112, 1127 (2019). Mr. Brown challenges that to the extent §922(o) means possession of the machine gun alleged in the indictment, it is unconstitutional. The challenge is as applied in the sense that the Defendant is asking the Court to strike those provisions of the statute charged by the government in this case, i.e., possession, and not any uncharged provisions. The government does not allege a transfer but only possession.

## **LAW**

The Second Amendment to the United States Constitution provides:

> A well-regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed.

This amendment confers an individual right to keep and bear or carry arms. *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008). *Heller's* methodology centered on constitutional text and history. *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 142 S.Ct. 2111, 2128-29(2022). Most courts previously focused on a two-step framework for analyzing Second Amendment challenges that combined history with a means-end scrutiny. With *Bruen*, the Supreme Court declined to adopt means-end scrutiny. Instead, the Supreme Court announced a different "historical approach." *Id*. at 2129. The Supreme Court explicitly rejected the means-end analysis in *Bruen*.

Instead, the Supreme Court set forth a different "historical approach" with the first step acknowledging:

> That when the Second Amendment's plain text covers an individual's conduct, the constitution presumptively protects that conduct.

To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent

with this nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Id*. at 2126.

The question then is whether stripping someone of their right to possess a machine gun without exception is consistent with the Nation's historical tradition of firearm regulation. If it is not, then §922(o) is unconstitutional no matter the reasonableness of the policy it embodies. Under the *Bruen* analysis, when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. *See, Bruen*, 142 S.Ct. at 2129-30. Additionally, *Heller*, *supra* made clear that the Second Amendment conferred an individual right to keep and bear arms. *Heller,* 554 U.S. at 595. Therefore, Mr. Brown's alleged conduct, possessing a firearm, in this case a machine gun, is presumptively protected by the Second Amendment.

The government may seek to curtail Mr. Brown's presumptive constitutional conduct by relying on the characteristics of the firearm alleged, i.e., that is, a particular subset of firearms, in this case a machine gun, that should be treated differently. However, the Second Amendment's protection is not limited to only those arms in existence in the 18th century but extends to all instruments that constitute bearable arms. *Heller*, 554 U.S. at 582.

That a firearm shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading by a single function of the trigger does not mean that the "arm" is not, in fact an "arm." If one of the main protections of the Second Amendment is the right to bear arms for self-defense it would be contradictory to exclude from protection the "arms" that most effectively defend us from others. Mr. Brown, and all of the people, enjoy a presumptive right to possess firearms. To strip the people of that right pursuant to Title 18, U.S.C. §922(o), the government bears the burden to show that the statute is consistent

with this nation's historical tradition of firearm regulation. The Supreme Court has made clear that the principle of party presentation applies at this step and that it is the government who must come forward with historical sources to meet this burden. *Bruen*, 142 S.Ct. at 2130. Only by showing that the law does not tread on the historical scope of the right can the government justify its regulation. The Defendant would note that the history of barring possession of machine guns is limited and relatively recent. Congress first passed §922(o) in 1968 as part of the Gun Control Act passed that year. This was the first time in the nation's history that Congress enacted such a ban. The government cannot rely on the passage of a mid-twentieth century statute to establish a long-standing historical tradition dating back to the enactment of the Second Amendment. In fact, machine guns lawfully possessed prior to May 19, 1986, are specifically excluded from prohibition by §922(o)(2)(B). So, since all machine guns are not illegal to possess, it would seem to follow that it cannot be argued that this class of weapons is one which must be excluded from Constitutional protection.

In *United States v. Simien*, 655 F. Supp. 3d 540 (5th Cir. 2023), the Fifth Circuit considered an as applied as well as a facial challenge to 18 U.S.C. §922(o). Simien was arrested for aggravated robbery and during a search of his home, officers found and seized a Glock pistol and a Palmetto State Armory pistol, both which had been modified with a switch to enable them to fire in fully automatic mode. Both also had large capacity magazines. *Simien* argued that §922(o) was unconstitutional as applied to him. He contended that the firearms at issue in his case were distinguishable from machines guns in general because they are standard weapons outfitted with devices making them fully automatic. Because of this conversion, *Simien* argued that the firearms were converted to machine guns but not originally manufactured as machine guns. Therefore, the statute was unconstitutional as applied to him. The Court ruled that was a distinction without a

4

difference and that whether the firearms in Simien's case are protected by the Second Amendment turns on whether machine guns are protected by the Second Amendment regardless of whether they have been converted. The Court went on to reject *Simien's* argument that machine guns are not "dangerous and unusual weapons outside the protection of the Second Amendment." Relying on the Court's finding in *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016), in which the Fifth Circuit held that machine guns do not receive Second Amendment protection because they "are dangerous and unusual and therefore are not in common use."

*Simien* relies on the holding in *Hollis v. Lynch*, 827 F.3d 436 (5th Cir. 2016). However, *Hollis* relies on a pre-*Bruen* means-end scrutiny analysis which was rejected by *Bruen*. "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Bruen*, 597 U.S. at 24 ("omitted"). Under *Bruen*, the burden now falls to the government to demonstrate through historical analogs that regulation of the weapon at issue in this case is consistent with the Nation's history of firearms regulation. Unless this can be done, the *Bruen* analysis falls in favor of the Defendant in this case, and it is a violation of his Second Amendment rights.

This is exactly how the court ruled in the 10th Circuit opinion of *U.S. v. Tamori Morgan* in upholding an as applied challenge to 18 U.S.C. §922(o). The court found that the government failed to identify a historic analog to §922(o) to support its restriction of the defendant's Second Amendment rights. The same is true at present in this case.

## CONCLUSION

For the foregoing reasons, the Defendant, Justin Bryce Brown, moves this Court to declare Title 18, U.S.C. §922(o) unconstitutional and dismiss the indictment pending against him.

Respectfully submitted, this the 7th day of November, 2024.

                                           */s/ Joe M. Hollomon*
                                           JOE M. HOLLOMON (MSB #2551)
                                           ATTORNEY FOR AND ON BEHALF OF
                                           JUSTIN BRYCE BROWN

OF COUNSEL:

JOE M. HOLLOMON & ASSOCIATES, P.A.
107 North State Street (39201)
Post Office Box 22683
Jackson, Mississippi 39225-2683
Tel: (601) 353-1300
Fax: (601) 353-1308
Email:  jhollomon@outlook.com
         joehollomonlaw@yahoo.com

## CERTIFICATE OF SERVICE

I, Joe M. Hollomon, attorney for the Defendant, do hereby certify that I have this date electronically filed the foregoing *Motion to Dismiss the Indictment on Second Amendment Grounds* with the Clerk of the Court using the Electronic Case Filing (ECF) system, which sent notification of such filing to all counsel of record.

This, the 7th day of November, 2024.

                                           */s/ Joe M. Hollomon*
                                           JOE M. HOLLOMON